N. F. Testor, Petitioner, *v.* Commissioner of Internal Revenue, Respondent

Docket No. 89585.   Filed May 13, 1963

*Walter C. Wellman*, for the petitioner.
*Seymour I. Sherman*, for the respondent.

Fay, *Judge:* Respondent determined deficiencies in the petitioner's income tax for the calendar years 1955 and 1956 in the amounts of $120,088.61 and $1,635.59, respectively. The petitioner concedes the correctness of several of the respondent's adjustments for 1955 and all of the respondent's adjustments for 1956. The only issue remaining for decision is whether section 357(c) of the Internal Revenue Code of 1954 applies when the only liabilities assumed by the corporation in a section 351 transfer are open account liabilities.

### FINDINGS OF FACT

All of the facts have been stipulated and are so found.

Petitioner is an individual who during the years 1955 and 1956 resided in Rockford, Ill. He filed joint Federal income tax returns for 1955 and 1956 with his wife, Elaine Testor, on the cash receipts and disbursements basis, with the district director of internal revenue at Chicago, Ill.

On December 31, 1954, petitioner was the sole proprietor of a business. The liabilities of said proprietorship exceeded the aggregate book value of its assets by the amount of $193,447.28. Said liabilities also exceeded petitioner's adjusted basis in the assets of the proprietorship by the amount of $193,447.28.

On January 1, 1955, petitioner transferred all of the assets and liabilities of the foregoing proprietorship to his wholly owned corporation, Testor Chemical Co., in exchange for 30,000 shares of no-par common stock having an aggregate stated value of $300,000. As part of the transaction, Testor Chemical Co. assumed all of the liabilities of the aforementioned proprietorship. All of such liabilities were on open account and in existence as of December 31, 1954.

Immediately after the January 1, 1955, transaction, petitioner owned all of the capital stock of Testor Chemical Co.

None of the assets transferred was specifically encumbered by the liabilities assumed.

On January 1, 1955, petitioner transferred all of the assets of his sole proprietorship to his wholly owned corporation in exchange for shares of its capital stock and the assumption by the corporation of the proprietorship's liabilities. The liabilities assumed were unsecured and exceeded petitioner's aggregate adjusted basis in the transferred assets by the amount of $193,447.28.

Respondent determined that pursuant to section 357(c) of the Internal Revenue Code of 1954, petitioner realized income in the amount of $193,447.28 as a result of the above-described transaction of January 1, 1955.

Both parties agree that the transfer qualifies as a section 351 exchange.[1] The parties disagree with respect to the applicability of section 357(c).[2] Petitioner reasons that since section 357(c) uses the expression, "the *sum* of the amount of the liabilities assumed, *plus* the amount of the liabilities to which the property is subject" (emphasis added), the section is only applicable if both assumed liabilities and secured liabilities, i.e., liabilities to which the property is subject, are present. Petitioner contends therefore that since there were no secured liabilities transferred to the corporation in the instant case, there was no "sum" and, *a fortiori*, section 357(c) does not apply.

After reviewing the reports of the Senate Finance Committee[3] and the House Ways and Means Committee,[4] we are of the opinion that section 357(c) is applicable to the case at hand. The House report in discussing this section stated:

Paragraph (2) of section 356 [now section 357(c)] which has no counterpart under the 1939 Code, provides that if in an exchange to which section 351 * * * is applicable, the liabilities assumed, *or* the liabilities to which the property is subject, exceed the total of the adjusted basis of the property transferred pursuant to such exchange, such excess shall be considered as gain from the sale or exchange of a capital asset. [Emphasis added.]

The report's use of a disjunctive connection rather than a conjunctive connection in referring to the two classes of liabilities is to be noted.

---

[1] SEC. 351. TRANSFER TO CORPORATION CONTROLLED BY TRANSFEROR.

(a) GENERAL RULE.—No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation and immediately after the exchange such person or persons are in control (as defined in section 368(c)) of the corporation. * * *

[2] SEC. 357. ASSUMPTION OF LIABILITY.

(c) LIABILITIES IN EXCESS OF BASIS.—

(1) IN GENERAL.—In the case of an exchange—

(A) to which section 351 applies, * * *

if the sum of the amount of the liabilities assumed, plus the amount of the liabilities to which the property is subject, exceeds the total of the adjusted basis of the property transferred pursuant to such exchange, then such excess shall be considered as a gain from the sale or exchange of a capital asset or of property which is not a capital asset, as the case may be.

[3] S. Rept. No. 1622, to accompany H.R. 8300, 83d Cong., 2d Sess., p. 270 (1954).

[4] H. Rept. No. 1337, to accompany H.R. 8300, 83d Cong., 2d Sess., p. 129 (1954).

The Senate Finance Committee report in seeking to illustrate the application of section 357(c) offered the following example:

Thus, if an individual transfers, under section 351, property having a basis in his hands of $20,000, but subject to a mortgage of $50,000, to a corporation controlled by him, such individual will be subject to tax with respect to $30,000, the excess of the amount of the liability over the adjusted basis of the property in the hands of the transferor.

Hereto it is to be noted that the example refers to only one class of liabilities and finds the presence of this liability sufficient under the described circumstances to invoke the obligations of section 357(c).

In view of these expressions of congressional intention as to the scope of section 357(c), we are not disposed to adopt the curious and narrow meaning of section 357(c) advanced by petitioner. See and compare *Arthur L. Kniffen*, 39 T.C. 553 (1962).

*Decision will be entered for the respondent.*