**N. F. TESTOR, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 14310.

United States Court of Appeals
Seventh Circuit.

Feb. 12, 1964.

Walter C. Wellman, Chicago, Ill., for petitioner.

Louis F. Oberdorfer, Asst. Atty. Gen., Joseph M. Howard, John B. Jones, Jr., Lee A. Jackson, Attys., U. S. Dept. of Justice, Washington, D. C., for respondent.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and SWYGERT, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

N. F. Testor, petitioner, asks us to review a decision of the Tax Court of the United States, 40 T.C. 273, which determined deficiencies in his income tax for the calendar years 1955 and 1956.

The facts were stipulated in the Tax Court.

Petitioner, a resident of the territory of Puerto Rico, during the taxable years resided in Rockford, Illinois. He filed returns for himself and wife, on a cash receipts basis, with the District Director of Internal Revenue in Chicago, Illinois.

The Commissioner's statutory notice determined deficiencies in income tax of petitioner and his wife for 1955, $120,088.61, and for 1956, $1,635.59.

On December 31, 1954, petitioner was the sole proprietor of a business, the liabilities of which exceeded the aggregate book value of its assets by $193,447.28, and also exceeded petitioner's adjusted basis in said assets by the same amount.

On January 1, 1955, petitioner transferred all of the assets and liabilities of the proprietorship to his wholly-owned corporation, Testor Chemical Co., in exchange for all of the stock of said corporation, being 30,000 shares, having an aggregate stated value of $300,000. As part of the transaction the corporation assumed all liabilities of the proprietorship and, immediately after the transaction on January 1, 1955, petitioner owned all the capital stock of the corporation.

None of the assets transferred was specifically encumbered by the liability assumed, or, as stated in petitioner's brief, no encumbered property, or secured liabilities, existed on the date of the transfer.

The Tax Court found that 26 U.S.C.A. § 357(c) imposed a tax on the amount by which the liabilities assumed by the corporation exceeded petitioner's base in the transferred property.

Section 357(c), which imposes a tax on otherwise tax-free transfers under § 351,[1] provides:

"(c) Liabilities in excess of basis —

"(1) In general—In the case of an exchange—

"(A) to which section 351 applies,

\* \* \* \* \* \*

if the sum of the amount of the liabilities assumed, plus the amount of the liabilities to which the property is subject, exceeds the total of the adjusted basis of the property transferred pursuant to such exchange, then such excess shall be considered as a gain from the sale or exchange of a capital asset or of property which is not a capital asset, as the case may be."

As the bill for the Internal Revenue Code of 1954 passed the House of Representatives, the section now known as

---

1. 26 U.S.C.A. § 351 pertains generally to a transfer to a corporation controlled by the transferor.

§ 357(c) provided that, if the liabilities assumed, *or* the liabilities to which the property is subject, exceed the total of the adjusted basis of the property transferred pursuant to such exchange, such excess shall be considered as gain from the sale or exchange of a capital asset. 3 U.S.C. Cong. & Adm. News (1954) pp. 4266–4267.

However, the Senate amended the bill by striking therefrom the language "the liabilities assumed, or the liabilities to which the property is subject" and substituting therefor the following language: "the sum of the amount of the liabilities assumed plus the amount of the liabilities to which the property is subject,". Ibid. p. 4908.

Before this court, petitioner's counsel cites dictionary definitions of the words "if", "sum" and "plus". He concludes that, under the Senate version, which is embodied in law as § 357(c), "unless encumbered property is part of a transfer of assets and liabilities then section 357(c) is not invoked, leaving the tax-free provisions of Section 351 fully intact and solely applicable to the exchange effectuated by Petitioner on January 1, 1955".

■■ 1. We cannot agree that § 357 (c) should be given such a restrictive interpretation. Neither the language used in the section nor its legislative history supports petitioner's contention. We hold that both the language and the legislative history indicate that § 357(c) is meant to apply wherever liabilities are assumed or property is transferred subject to liability. Commissioner's counsel pointedly state, "Any other holding would render the statute a dead letter and would open the door to tax evasion." We believe that such a holding by the Tax Court would have been in error and that we are required to affirm its decision on the point now under discussion.

2. The opinion of the Tax Court was rendered on May 13, 1963 and on May 20, 1963 it entered its decision ordering and deciding that there were deficiencies in petitioner's income tax for the years 1955 and 1956 in the amounts of $120,-088.61 and $1,635.59 respectively. Petitioner does not contest the assessment of $1,635.59 for the year 1956[2] but has always contested the assessment of $120,-088.61 for 1955.

Petitioner complains that the Tax Court erred in the aforesaid determination because it did not permit petitioner and the Commissioner to submit computations pursuant to its rule 50, which provides, in part:

"(a) Agreed computations. Where the Court has filed its opinion determining the issues in a case, it may withhold entry of its decision for the purpose of permitting the parties to submit computations pursuant to the Court's determination of the issues, showing the correct amount of the deficiency or overpayment to be entered as the decision. If the parties are in agreement as to the amount of the deficiency or overpayment to be entered as the decision pursuant to the report of the Court, they or either of them shall file promptly with the Court an original and 2 copies of a computation showing the amount of the deficiency or overpayment and that there is no disagreement that the figures shown are in accordance with the report of the Court. The Court will then enter its decision.

"(b) Procedure in absence of agreement. If, however, the parties are not in agreement as to the amount of the deficiency or overpayment to be entered as the decision, in accordance with the report of the Court, either of them may file with the Court a computation of the deficiency or overpayment believed by him to be in accordance with the report of the Court. The Clerk will serve a copy thereof upon the op-

---

**2.** Since the assessment for 1956 has not been contested, we shall not consider it further in connection with the point now under discussion.

posite party, will place the matter upon a motion calendar for argument in due course, and will serve notice of the argument upon both parties. If the opposite party fails to file objection, accompanied by an alternative computation, at least 5 days prior to the date of such argument, or any continuance thereof, the Court may enter decision in accordance with the computation already submitted. If in accordance with this Rule computations are submitted by the parties which differ as to the amount to be entered as the decision of the Court, the parties will be afforded an opportunity to be heard in argument thereon on the date fixed, and the Court will determine the correct deficiency or overpayment and enter its decision."

 The provision in rule 50 for withholding a decision for the purpose of receiving the parties' computations is not mandatory. It is discretionary. In his brief in this court, the Commissioner asserts: "To begin with, it was stipulated that the proposed deficiency for 1955 was $120,088.61." [3] But this refers to the fact that the Commissioner had determined a deficiency in that amount for the year 1955.

If petitioner desired to question the amount of the deficiency and had no agreement with the Commissioner as to the correctness of the court's determination of the proposed deficiency for 1955, it was obviously his duty under rule 50 (b) to file with the court a computation of the deficiency believed by him to be in accordance with the report of the court. This opportunity which was provided for him by rule 50(b) was not availed of by petitioner although, according to his own brief herein, the decision was not entered until seven days after the opinion was filed. Even if the intervening period might be considered short, petitioner gave no notice, made no

motion for an extension of time, and in no way indicated his intention of contesting the computation made by the court. If he had done so, the court would have undoubtedly stayed the decision accordingly.

For these reasons, we believe that the Tax Court did not err, under its rule 50, in entering its decision when it did, based on its opinion of May 13, 1963.

Therefore, the decision of the Tax Court is affirmed.

Decision affirmed.

---

3. This stipulation was filed in the Tax Court on November 26, 1962. Transcript of Record in this court, 19.