VELMA W. ALDERMAN, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5935–68.    Filed January 11, 1971.

*Bernard F. Bednarz*, for the petitioner.
*Vivian T. Martinez, Jr.*, for the respondent.

#### OPINION

DAWSON, *Judge:* Respondent determined a deficiency of $4,568.42 in petitioner's Federal income tax for the year 1963. There are two issues for decision: (1) Whether section 357(c), I.R.C. 1954,[1] applies when property is transferred pursuant to section 351(a) and the transferor issues a promissory note equal to the amount by which the liabilities assumed by the transferee exceed the adjusted basis of the assets transferred; and (2) whether the excess of the liabilities over basis of the assets is taxable as ordinary income to the transferor under section 1239.

This case was submitted under Rule 30, Tax Court Rules of Practice. All of the facts are stipulated and they are adopted as our findings. The facts deemed pertinent are summarized below.

Velma W. Alderman (herein called petitioner) was a legal resident of Idanha, Oreg., at the time she filed her petition in this proceeding. She and her husband, Marion F. Alderman, who died on October 15, 1968, filed their joint Federal income tax return for the year 1963 with the district director of internal revenue at Portland, Oreg. Petitioner and Marion F. Alderman (hereinafter referred to collectively as the Aldermans) were calendar year accrual basis taxpayers.

---

[1] All statutory references herein are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.

Prior to February 13, 1963, the Aldermans conducted a lumber-trucking business as a sole proprietorship. On February 13, 1963, the business was transferred to a newly formed corporation, Alderman Trucking Co., Inc. (hereinafter referred to as the Alderman Corp.).

The Aldermans transferred all of the assets of the sole proprietorship to the Alderman Corp. in exchange solely for 99 shares of the outstanding stock of the corporation and the assumption by the corporation of all of the liabilities pertaining to the sole proprietorship. At all relevant times herein the corporation had 100 shares of no-par common stock outstanding and this constituted the only class of stock issued by the corporation. One share of stock was issued to Mrs. Rilla Schaffer, the corporation's bookkeeper.

The following opening journal entry was made in the books of the Alderman Corp. on the date of the transfer:

|  | Debit | Credit |
|---|---|---|
| Trucks and trailers (adjusted basis) | $62,782.20 | |
| Note receivable—Alderman | 10,229.59 | |
| Accounts payable | | $24,420.14 |
| Notes payable: | | |
|    1st National Bank | | 7,595.52 |
|    Barrett Bros | | 1,920.73 |
|    International Harvester | | 15,475.40 |
|    U.S. National Bank | | 14,000.00 |
|    U.S. National Bank | | 8,600.00 |
| Capital stock | | 1,000.00 |

The assets transferred from the sole proprietorship to the Alderman corporation consisted solely of depreciable trucks and trailers used in the business.

All liabilities assumed by the Alderman Corp. were subsequently paid by the corporation with its own funds. The accounts payable assumed ($24,420.14) were liabilities incurred on open account. All the remaining liabilities assumed ($47,591.65) were encumbrances on the trucks and trailers transferred on the exchange.

At the time of the transfer on February 13, 1963, the liabilities of the business assumed by the Alderman Corp. exceeded the adjusted basis of the assets transferred to it by $9,229.59. In order that the assets shown on the balance sheet of the corporation would exceed the liabilities assumed, the Aldermans agreed to make up this difference by executing a personal promissory note payable to the corporation with a face amount of $10,229.59, creating a capital stock account of $1,000.

In his notice of deficiency dated September 20, 1968, respondent

gave the following explanation for his $9,229.59 adjustment to the Alderman's income for 1963:

(a) It is determined that you realized income from the February 13, 1963, transfer of assets and liabilities to Alderman Trucking Co., Inc., which must be recognized under section 357(c) of the Internal Revenue Code of 1954 in the amount of $9,229.59. In that transfer, which qualified as a section 351 exchange, the sum of the amount of liabilities assumed by Alderman Trucking Co., Inc., plus the amount of the liabilities to which the property transferred was subject exceeded the total of the adjusted basis of the property transferred by $9,229.59. Further, the entire gain is taxable as ordinary income pursuant to section 1239 of the Internal Revenue Code of 1954 since you owned more than 80 per cent in value of the outstanding stock of Alderman Trucking Co., Inc., at the date of the transfer and only depreciable property was transferred to that corporation. Accordingly, your taxable income for the taxable year ending December 31, 1963, is increased by $9,229.59.

The parties agree that the transfer qualified as a section 351[2] exchange. The requirements of section 368(c) were satisfied on the transfer of the assets of the sole proprietorship to the Alderman Corp. because the Aldermans owned 99 percent of all the corporation's stock after the transfer.

Section 351(e)(1) provides that where another party to the exchange assumes a liability or acquires property subject to a liability, reference must be made to section 357.

Section 357(a) provides, in part, that where the transferor's liabilities are assumed by another party to the exchange, such assumption shall not prevent the transferor from benefiting from the nonrecognition provisions of section 351.

Section 357(c) provides as follows:

(c) LIABILITIES IN EXCESS OF BASIS.—
(1) IN GENERAL.—In the case of an exchange—
(A) to which section 351 applies, or
(B) to which section 361 applies by reason of a plan of reorganization within the meaning of section 368(a)(1)(D),
if the sum of the amount of the liabilities assumed, plus the amount of the liabilities to which the property is subject, exceeds the total of the adjusted basis of the property transferred pursuant to such exchange, then such excess shall be considered as a gain from the sale or exchange of a capital asset or of property which is not a capital asset, as the case may be.
(2) EXCEPTIONS.—Paragraph (1) shall not apply to any exchange to which—
(A) subsection (b)(1) of this section applies, or
(B) section 371 or 374 applies.

---

[2] SEC. 351. TRANSFER TO CORPORATION CONTROLLED BY TRANSFEROR.

(a) GENERAL RULE.—No gain or loss shall be recognized if property is transferred to a corporation (including, in the case of transfers made on or before June 30, 1967, an investment company) by one or more persons solely in exchange for stock or securities in such corporation and immediately after the exchange such person or persons are in control (as defined in section 368(c)) of the corporation. For purposes of this section, stock or securities issued for services shall not be considered as issued in return for property.

In *Peter Raich*, 46 T.C. 604, 608 (1966), this Court said:

A literal interpretation of sections 351(d)(1) [now 351(e)(1)] and 357(c) compels the application of section 357(c) to the transaction in question. If, as the respondent contends, the trade accounts receivable in the hands of petitioner's sole proprietorship had an adjusted basis of zero at the time of their transfer to the corporation, the liabilities assumed by the corporate transferee ($45,992.81) would exceed the adjusted basis of the transferor's property ($11,251.73) by the amount of $34,741.08, which amount, under section 357(c), must be recognized as gain to petitioners.

See also *N. F. Testor*, 40 T.C. 273 (1963), affd. 327 F.2d 788 (C.A. 7, 1964).

In arriving at the amount of recognizable gain on the transaction here involved it is necessary to determine the basis of the promissory note. Section 1012 provides that the basis of property is its cost except as otherwise provided in the Code. Section 362(a) provides as follows:

(a) PROPERTY ACQUIRED BY ISSUANCE OF STOCK OR AS PAID-IN SURPLUS.—If property was acquired on or after June 22, 1954, by a corporation—

(1) in connection with a transaction to which section 351 (relating to transfer of property to corporation controlled by transferor) applies, or

(2) as paid-in surplus or as a contribution to capital,

then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain recognized to the transferor on such transfer.

The Aldermans incurred no cost in making the note, so its basis to them was zero. The basis to the corporation was the same as in the hands of the transferor, i.e., zero. Consequently, the application of section 357(c) is undisturbed by the creation and transfer of the personal note to the corporation.

Since the personal promissory note in the hands of the Aldermans had an adjusted basis of zero at the time of its transfer to the Alderman Corp., the liabilities assumed ($72,011.79) by the corporation as transferee exceeded the adjusted basis ($62,782.20) of the transferor's property by $9,229.59. Such amount, under section 357(c), must be recognized as gain to the Aldermans. To conclude otherwise, as petitioner contends,[3] would effectively eliminate section 357(c) from the Internal Revenue Code. It would be a relatively simple matter to execute a note so that the adjusted basis would always exceed liabilities. See Rev. Rul. 68–629, 1968–2 C.B. 154.

Section 1239 provides, in part, that "in the case of a sale or exchange, directly or indirectly, of property * * * which in the hands of the transferee is subject to the allowance for depreciation," be-

---

[3] Alderman contends that "since he has given his note to the corporation for this amount and subsequently has paid this note from his personal funds, the corporation has not borne the burden of paying this excess amount." The evidence of record, which is fully stipulated, does not show that the Aldermans paid the note with their personal funds.

tween an individual and his controlled corporation, any gain recognized to the transferor from the sale or exchange shall be considered as a gain from the sale or exchange of property which is neither a capital asset nor property described in section 1231.

The Aldermans transferred only depreciable property, the trucks and trailers, to the corporation. These assets are therefore property subject to section 1239.

We agree with respondent's contention that since the application of section 357(c) is undisturbed by the transfer of the personal note to the corporation, section 1239 is applicable to the gain recognized. Since a limited gain may be recognized under section 357(c), even though there is an otherwise tax-free exchange, the Aldermans realized ordinary income to the extent of $9,229.59. See Rev. Rul. 60–302, 1960–2 C.B. 225.

*Decision will be entered for the respondent.*